## ESTES *v.* ST. PAUL, M. & M. R. CO.

*(Supreme Court, General Term, Second Department.* December 10, 1889.)

**1. RAILROAD COMPANIES—INJURIES TO BAGGAGE—EVIDENCE.**

Plaintiff's baggage was delivered to defendant in good and dry condition on September 2d, at Larrimore, and was by it brought through to St. Paul, whence by another road it was brought to New York, where, upon its arrival, on September 6th, it was found to be damaged by water. There was evidence that it rained very hard and nearly or quite all night of the day on which defendant received the baggage, and that it reached St. Paul on the morning of September 3d. There was evidence that it was not exposed to the action of water after it reached St. Paul. The mould on the baggage tended to show that the injury was not of a date later than the arrival in St. Paul. *Held,* that the evidence justified the finding that the baggage was injured while in defendant's possession, between Larrimore and St. Paul.

**2. SAME—CHANGE OF ROUTE.**

Where the agent of a railroad company checks the baggage of a passenger over a different route from the one agreed on, and it is injured while on such route, the company is liable as an insurer.

Appeal from judgment on report of referee.

Argued before BARNARD, P. J., and Pratt, J.

*M. D. Grover,* (*F. E. Smith,* of counsel,) for appellant.    *Frederick E. Barnard,* for respondent.

BARNARD, P. J.   The case shows that the plaintiff had tickets on the road of the defendant as a passenger from Larrimore to Fargo, by way of Grand Forks. On the 2d of September, 1886, he delivered his baggage to the defendant's baggage-master. The baggage was to be checked by the train upon which plaintiff was to travel, but was to be checked for Chicago, which would involve a change of road at Fargo, to be carried to Chicago. The defendant failed to check the baggage by the route, but sent it to St. Paul, over another of its roads,—a much greater distance. The only question in the case is one of fact. Was the baggage injured by negligent exposure on the route from Larrimore to St. Paul? It is proven that when it arrived at New York it was injured by water. The proof tends to show that on the evening of the day the baggage was received by the defendant it rained very hard, and nearly or quite all night. The baggage was received in St. Paul on September 3, 1886, in the morning. The same was delivered to the defendant in good order, and dry. There is proof tending to show that the baggage was not exposed to the action of water after it reached St. Paul. This proof covers the entire distance to the plaintiff's house in Brooklyn. When it reached this place it was seriously injured by water. The injury was not of a date later than the arrival of the same at St. Paul, as was fairly inferable from the appearance of the baggage. The mould was not recent. There is proof tending to show that at St. Paul the place where baggage is placed waiting for transfer is only protected by the projecting eaves of a shed, and that in a storm, with a wind, the eaves are not such a protection as will prevent the baggage from being wetted by the rain. Under this evidence the referee was justified in finding the injury to have been caused while the baggage was in defendant's possession.

Assuming this fact, the case is a plain one. The defendant agreed to send baggage by a particular route, and violated its agreement, and sent it by another and much longer route, and while in its possession permitted it to be injured by negligent exposure to water. The defendant was an insurer. *Isaacson v. Railroad Co.,* 94 N. Y. 278. The cases cited to show that the liability of a railroad extends no further than its delivery to the connecting carriers have no applicability to the facts. The judgment should therefore be affirmed, with costs.